# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Aaron Christoffersen,

    Plaintiff,

v.

Equifax Information Services, LLC and
Trans Union LLC,

    Defendants.

Case No. 25-cv-931 (JMB/DJF)

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 22). The Court **APPROVES** the parties' Stipulation **IN PART**[1]. Based on the Stipulation and for good cause shown, the following shall govern discovery in this case:

1    **Definitions.** As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action and any other attorneys who are also employed by the appeared attorney's firm;

    (b)    "confidential document" means a document designated as confidential under this protective order;

    (c)    to "destroy" electronically stored information means to delete from all databases, applications, archives and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

---

[1] Material modifications to the parties' proposal are highlighted for ease of reference.

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice and includes via electronic means;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

2  **Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party must designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential within thirty (30) days after the deposition occurs, by notifying the parties and those who were present at the deposition of the designations by circulating a copy of the transcript wherein the designating party identifies line by line the portions of the testimony that it contends should be designated confidential, unless otherwise agreed.

3  **Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

  (1) the court and its staff;

    (2) the parties and any attorney and attorney's staff consulting or appearing in this matter;

    (3) a person shown on the face of the confidential document to have authored or received it;

    (4) a court reporter or videographer retained in connection with this action;

    (5) any juror or alternative juror:

    (6) experts retained in connection with this action;

    (7) any witness in this action who: has executed the "Acknowledgement of Understanding" (Exhibit A);

    (8) professional jury, trial consultants, mock jurors, and professional vendors, who have executed the "Acknowledgement of Understanding" (Exhibit A); and

    (9) any person who is retained to assist a party or attorney with this action, including but not limited to mediators, and who has executed the "Acknowledgement of Understanding" (Exhibit A).

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(d) Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but

3

not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(1) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(2) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Acknowledgement of Understanding" (Exhibit A);

(3) the Court and its personnel;

(4) any mediators hired by the parties to mediate the claims at issue who have signed the "Acknowledgement of Understanding" (Exhibit A);

(5) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Understanding" (Exhibit A);

(6) the author of the document or the original source of the information; and

(7) Plaintiff may also view confidential documents designated as 'Attorneys Eyes Only,' but she may not retain copies of confidential documents without prior consent from the party who produced the document.

4

4 **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5 **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6 **Use of a Confidential Document in Court.**

   (a) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk ==under temporary seal pursuant to LR 5.6(d).== The parties shall comply with all the procedures set forth in LR 5.6 governing filing under seal. ==This protective order does not authorize permanent sealing of any document.== A confidential document may be filed only in accordance with LR 5.6.

   (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7 **Changing a Confidential Document's Designation.**

   (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

5

    (b)    Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation.

    (d)    If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8  Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must return or destroy all confidential documents.

    (b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court and as required by the rules of professional conduct for lawyers.

**9  Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving

party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived. The Parties agree that the recall, sequester, destruction or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10  Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11  Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Dated: July 10, 2025               *s/ Dulce J. Foster*
                                   Dulce J. Foster
                                   United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Christoffersen, | Case No. 25-cv-00931 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Equifax Information Services, LLC And Trans Union LLC, | |
| Defendants. | |

**ACKNOWLEDGEMENT OF UNDERSTANDING**

I have read and understand the protective order in the case *Christoffersen, Aaron v Equifax Information Services, LLC and Trans Union LLC*, Case No. 0:25-cv-00931 (JMB/DJF), in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

Date:_____

Signed:_____